UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SAMUEL EUGENE CALHOUN,

                    Plaintiff,                         Case No. 1:20-cv-666

v.                                                     Honorable Janet T. Neff

WILLIAM P. BARR et al.,

                    Defendants.
_____/

## OPINION

This is a civil rights action brought by six state prisoners under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.      Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon County, Michigan.  The events about which he complains are occurring at that facility.  Plaintiff sues United States

Attorney General William P. Barr, MDOC Director Heidi Washington, Deputy Director of the MDOC Ken McKee, and Michigan Attorney General Dana Nessel.

Plaintiff alleges that he is particularly vulnerable to infection from the COVID-19 virus[1] because of his age and health. (Am. Compl., ECF No. 7, PageID.50, 51.) Plaintiff reports that the Muskegon Correctional Facility has implemented measures designed to prevent spread of the disease, but that the measures are inadequate to sufficiently decrease the substantial likelihood that Plaintiff will contract COVID-19. (*Id.*, PageID.49.) Plaintiff reports that the risk is so great and the problem is so widespread across all MDOC facilities that "[t]here no longer exist[s] a set of conditions that would be sufficient to protect Plaintiff's constitutional rights[,]" (*Id.*, PageID.51) and "there is no communal correctional facility where he could be incarcerated during the COVID-19 crisis that would be constitutional[,]" (*Id.,* PageID.52).

Plaintiff ties Defendant Barr to MCF's failures by way of a complaint he filed with the United States Department of Justice about the conditions at MCF. Plaintiff indicates that he has not heard from Attorney General Barr or anyone from his office regarding the complaint. Similarly, Plaintiff filed complaints with the offices of Defendants Washington and Nessel "regarding the fact of the COVID-19 virus being prevalent throughout the correctional facilities across the state, [and] informing them that it posed a danger to him, as it relates to his preexisting health conditions." (*Id.*) Plaintiff has not heard from either Defendant Washington or Defendant

---

[1] In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit described the COVID-19 problem as follows:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 961 F.3d at 833.

Nessel.  Plaintiff does not explain Defendant McKee's responsibility for the specific conditions at MCF.

Plaintiff contends that Defendants' failure to protect him from the risk of infection with the COVID-19 virus violates his rights under the Eighth and Fourteenth Amendment. Plaintiff seeks a declaration that his rights have been violated and "other just and equitable relief." (*Id.*, PageID.54.)  Plaintiff states "[t]he only adequate relief is his release from confinement in the custody [of the] department of corrections."  (*Id.*, PageID.52.)  Plaintiff also wants the Court to prevent Defendants from arresting Plaintiff again until the risk of COVID-19 infection has passed. (ECF Nos. 3, 4.)  Plaintiff is not seeking damages.  He sought damages in his initial complaint. (Compl., ECF No. 1, PageID.9.)  He eliminated that request in his amended complaint.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

### III.   Release is not a proper remedy under § 1983

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").   The relief Petitioner seeks—release from custody—is available only upon habeas corpus review.   "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson,* 961 F.3d at 868 (quoting *Preiser,* 411 U.S. at 498).[2]

In *Wilson*, the Sixth Circuit stated: "[o]ur precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson*, 961 F.3d at 838.   Plaintiff, like the petitioners in *Wilson*, contends there

---

[2] The *Wilson* petitioners were federal prison inmates who brought habeas claims under 28 U.S.C. § 2241.

are no conditions of confinement sufficient to prevent irreparable injury at the facility where he is housed, or any other MDOC facility.  Accordingly, there can be no question that Plaintiff is challenging the fact or extent of his confinement, a challenge that must be brought as a habeas petition.  Therefore, Plaintifff has failed to state a § 1983 claim upon which the relief he seeks can be granted.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's amended complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   August 12, 2020                         /s/ Janet T. Neff
                                                 Janet T. Neff
                                                 United States District Judge

5